■ In the Matter of the Claim of JOHN DAHODA, Respondent, against ROYAL SIMMONS et al., Respondents, and COHOES INDUSTRIAL TERMINAL CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an alleged employer and its carrier from a decision and award of the Workmen's Compensation Board which held them liable for 50% of an award of disability compensation on the theory that the employer-appellant was claimant's general employer. Cohoes Industrial Terminal Corporation (hereinafter called Cohoes) was engaged in an industrial real estate business and owned property which was subdivided for manufacturing and commercial tenants. One portion was leased to Will Ross, Inc. (hereinafter called Ross), which the board has found to be a special employer of claimant and against

whom the other 50% of the award has been assessed. One Simmons was employed by Cohoes as a maintenance foreman, and with the permission of Cohoes he was allowed to do independent work on his own for tenants on his weekends or other days off. Simmons had on prior occasions hired claimant to assist him in these side undertakings. Claimant was regularly employed by Cohoes as a maintenance man and was paid $64 per week for a 40-hour week and time and a half for overtime. Simmons made an independent deal with Ross to make some changes in its offices, including moving partitions, which necessitated moving a sprinkler head on the sprinkler system. Simmons was to furnish materials, including the sprinkler head, and was to be paid an agreed price for the job. On a Sunday when claimant was not at work in his regular employment for Cohoes, Simmons asked him to assist him for $2 per hour with the Ross alterations. While thus engaged, claimant was injured. Before classification of an employer it must first be determined whether or not it was an employer at the time of the injury. We find no evidence in the record to support the finding that claimant was employed by Cohoes at the time he was injured. The fact that he was in the general employment of Cohoes in connection with its own business during the regular work week does not establish any employer-employee relationship on a Sunday under the circumstances presented here. Cohoes did not direct claimant in any manner to do the work at all, let alone for Simmons or Ross. On the job upon which claimant was injured claimant was employed by Simmons, paid by Simmons and directed by Simmons to assist Simmons in a private undertaking for Ross. The work they were doing was not work which Cohoes was required to do or had undertaken to do. The fact that the work was being done upon premises owned by Cohoes does not control. The situation seems no different than as though claimant had been working for Simmons on some job miles away. The board suggests that the work was of some benefit to Cohoes. We find nothing in the record to establish this, but even if it were true that alone would not create an employer-employee relationship. Decision and award reversed insofar as 50% of the award is assessed against appellants, with costs to appellants against the respondents Will Ross, Inc., and its carrier, and the matter remitted to the Workmen's Compensation Board. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.